UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| JADA DELAUNE AND GLEN MEYNARDIE INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, M.M.<br><br>v.<br><br>ABBVIE, INC. AND/OR ABBVIE US LLC AND/OR ABBVIE ENDOCRINOLOGY INC., ABBOTT LABORATORIES AND/OR ABBOTT LABORATORIES, INC. AND/OR ABBOTT LABORATORIES INTERNATIONAL LLC AND ABC INSURANCE COMPANY | CIVIL NO. 15-cv-478<br><br>JUDGE SHELLY D. DICK<br><br>MAGISTRATE STEPHEN C. RIEDLINGER |
|---|---|

**DEFENDANTS ABBVIE, INC., ABBVIE US LLC, ABBVIE ENDOCRINOLOGY, INC., ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., AND ABBOTT LABORATORIES INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants AbbVie, Inc., AbbVie US LLC, AbbVie Endocrinology, Inc., Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Laboratories International LLC (collectively "Defendants") submit the following Answer and Affirmative Defenses to the Complaint of Plaintiffs DeLaune and Meynardie. Defendants deny each and every allegation of the Complaint not expressly and specifically admitted below.

**ANSWER**

1. (A) Defendants admit that AbbVie, Inc., AbbVie US LLC, and AbbVie Endocrinology, Inc. (collectively the "AbbVie Defendants") are foreign corporations authorized to do and doing business in Louisiana. Defendants admit that the AbbVie Defendants are incorporated in the state of Delaware and have their principal business office at 1 N. Waukegan

Rd., North Chicago, Illinois, 60064. Defendants admit that the AbbVie Defendants have appointed as their agent for service of process CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808. Defendants deny the remaining allegations of this paragraph.

(B) Defendants admit that Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Laboratories International LLC (collectively the "Abbott Defendants") are foreign corporations authorized to do and doing business in Louisiana. Defendants admit that the Abbott Defendants are incorporated in Illinois and have their principal place of business in Illinois. Defendants admit that Abbott Laboratories has an office at 1015 Distributors Row, Harahan, Louisiana, 70123. Defendants admit that the Abbott Defendants have appointed as their agent for service of process CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808. Defendants deny the remaining allegations of this paragraph.

(C) Defendants deny the allegations of Paragraph (1)(C) of the Complaint.

2. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2, and therefore deny them.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny that Plaintiff DeLaune sustained injuries as a result of the liability of Defendants. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 5, and therefore deny them.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses on information and belief in response to the allegations contained in Plaintiffs' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses below, Defendants specifically reserve the right to allege additional defenses that become known through additional investigation and discovery.

### First Affirmative Defense

**(Insufficient Process and/or Insufficiency of Service of Process)**

Defendants raise the objections and defenses of insufficient process under Federal Rule of Civil Procedure 12(b)(4) and/or insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5) inasmuch as none of the Defendants have been served at this time.

### Second Affirmative Defense

**(Failure to State a Cause of Action upon which Relief Can Be Granted)**

The Complaint, and each cause of action thereof, fails to state a cause of action upon which relief can be granted.

### Third Affirmative Defense

**(Lack of Specific Causation)**

Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries or damages, which is denied, those injuries or damages were not caused by any act or omission of Defendants.

### Fourth Affirmative Defense

### (Lack of Proximate Cause)

Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries or damages, which is denied, those injuries or damages were not proximately caused by any act or omission of Defendants.

### Fifth Affirmative Defense

### (Comparative Fault of Others)

To the extent plaintiff sustained any injuries, the sole proximate and/or partial proximate cause of the injuries, losses, or damages claimed was the fault, negligence, and/or strict liability of other persons, firms, and/or entities for which Defendants have no responsibility.

### Sixth Affirmative Defense

### (Intervening, Superseding Cause)

Plaintiffs' claims are barred because the damages and injuries allegedly sustained by Plaintiffs, if any, were caused in whole or in part by intervening and superseding causes or circumstances.

### Seventh Affirmative Defense

### (Modification, Alteration or Change)

Plaintiffs' causes of action are barred to the extent that any Humira sold by Defendants and alleged to be at issue in this litigation was modified, altered, or changed from the condition in which it was sold, and this modification, alteration, or change caused or contributed to cause Plaintiffs' alleged damages. Additionally, plaintiffs' causes of actions are barred to the extent that plaintiff's use of the product was not a reasonably anticipated use of the product as defined by La. R.S. 9:2800.54.

**Eighth Affirmative Defense**

**(Offset)**

Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others in payment, judgment or settlement for the same injuries claimed in this lawsuit.

**Ninth Affirmative Defense**

**(Contributory Negligence/Equitable Indemnity)**

Plaintiffs' claims are barred in whole or in part by the doctrines of contributory negligence and/or equitable indemnity.

**Tenth Affirmative Defense**

**(Misuse)**

The products and substances identified in the Complaint were fit and safe for their reasonably anticipated use, handling and storage; and any and all damages, injuries and losses, if any, attributable to the use of the product at issue in this case, which allegations are expressly denied, were solely caused by and attributable to the abnormal, unforeseeable, unintended, unreasonable, and improper use which was made of said product.

**Eleventh Affirmative Defense**

**(Assumption of Risk)**

Plaintiffs knowingly and intentionally assumed the risk of the injuries and/or damages alleged by Plaintiffs and are not, therefore, entitled to recover from Defendants in this action.

### Twelfth Affirmative Defense

### (Pre-existing Condition)

Plaintiffs' causes of action are barred to the extent that, if Plaintiffs sustained any injuries or damages, which is denied, those injuries or damages resulted from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses.

### Thirteenth Affirmative Defense

### (Idiosyncratic Reaction)

Plaintiffs' causes of action are barred to the extent that, if Plaintiffs sustained any injuries or damages, which is denied, those injuries or damages were proximately caused by an idiosyncratic reaction and not by any act or omission of Defendants.

### Fourteenth Affirmative Defense

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to mitigate damages.

### Fifteenth Affirmative Defense

### (State-Of-The-Art)

The injuries resulting, if any, from the use of the products referred to in the Complaint, were not foreseeable to Defendants, given the state of scientific knowledge and state of the art at the time of the alleged injuries. At all times relevant, any product marketed or distributed by Defendants was in accordance with the applicable state of the art and state of scientific knowledge and pursuant to all applicable statutes and regulations including those of the United States Food and Drug Administration ("FDA").

### Sixteenth Affirmative Defense

### (Risks Not Discoverable)

If Plaintiffs sustained the damages alleged, which is denied, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then existing state of the art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time Defendants relinquished possession and control of the product in question.

### Seventeenth Affirmative Defense

### (Not Defective or Unreasonably Dangerous)

Plaintiffs' causes of action are barred because any Humira sold by Defendants and alleged to be at issue in this litigation was not defective or unreasonably dangerous.

### Eighteenth Affirmative Defense

### (Learned Intermediary)

The Complaint, and each and every claim for relief purportedly asserted against Defendants, is barred, in whole or in part, by the learned intermediary doctrine.

### Nineteenth Affirmative Defense

### (Adequate Warnings Provided)

At all relevant times, adequate warnings, information and instructions were provided for the product, pursuant to generally recognized prevailing standards in existence at the time. Any product marketed and distributed by Defendants and at issue in this litigation was therefore not defective.

### Twentieth Affirmative Defense

### (No Duty to Warn)

Defendants had no duty to warn about any possible dangers that were not known or reasonably scientifically knowable at the time of manufacture and sale of any Humira sold by Defendants and alleged to be at issue in this litigation.

### Twenty-First Affirmative Defense

### (Defendant Complied with Applicable Law)

None of Defendants' practices, particularly those pertinent to allegations in Plaintiffs' Complaint, are or were unlawful in that Defendants complied with any and all applicable statutes, regulations and legal requirements.

### Twenty-Second Affirmative Defense

### (Statute of Limitation)

Plaintiffs' causes of action are barred by the applicable statutes of limitations and/or prescription.

### Twenty-Third Affirmative Defense

### (Laches, Estoppel, and/or Waiver)

Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

### Twenty-Fourth Affirmative Defense

### (Preemption)

Plaintiffs' claims are preempted, in whole or in part, by the Federal Food, Drug, and Cosmetic Act, as amended; the Public Health Service Act, as amended; and their implementing regulations because the granting of the relief prayed for in the Complaint would impede, impair, frustrate or burden the effectiveness of said Acts and regulations and would violate the

Supremacy Clause (Art. VI, Clause 2) of the United States Constitution, and because it would be impossible to comply with the relief prayed for in the Complaint without violating federal law.

### Twenty-Fifth Affirmative Defense

### (No Duty to Warn of Possible Dangers From Off-Label Use)

Defendants had no duty to warn about any possible dangers from any use of Humira for a purpose, condition, dosage, or population that has not been approved by the FDA.

### Twenty-Sixth Affirmative Defense

### (No Duty to Warn of Risks Already Known to Medical Community)

Defendants had no duty to warn about risks already known to the medical community.

### Twenty-Seventh Affirmative Defense

### (Treating Physician's Decision to Prescribe)

Plaintiffs' claims are barred because if Defendants had provided the warnings Plaintiffs allege should have been provided, the treating physician who prescribed Humira would not have changed his/her decision to prescribe Humira.

### Twenty-Eighth Affirmative Defense

### (Statute of Repose)

Plaintiffs' causes of action are barred by the applicable statute of repose.

### Twenty-Ninth Affirmative Defense

### (Louisiana Products Liability Act)

Defendants specifically plead the applicability and exclusivity of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51, *et seq.*, and specifically avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in said Act.

### Thirtieth Affirmative Defense

### (Not Unreasonably Dangerous)

Defendants' product possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

### Thirty-First Affirmative Defense

Defendants specifically plead that Plaintiffs are not entitled to allege recovery under any theory not expressly set forth under the exclusive provisions of the LPLA.

### Thirty-Second Affirmative Defense

Defendant specifically avers the applicability of La. Rev. Stat. Ann. § 9:2800.59 and that its products were designed, manufactured, packaged, labeled, sold, and distributed in conformity with the then existing reasonably available scientific and technological knowledge, and, therefore it can have no liability in the premises.

### Thirty-Fourth Affirmative Defense

### (Failure to Give Notice)

Plaintiffs failed to give notice of any alleged breach of express warranty.

### Thirty-Fifth Affirmative Defense

### (Avoidable Consequences)

The Plaintiffs' claims may be barred by the doctrine of avoidable consequences.

### Thirty-Sixth Affirmative Defense

### (Collateral Sources)

The Plaintiffs' claims may be barred as having been mitigated, in whole or in part, by reimbursement from collateral sources.

### Thirty-Seventh Affirmative Defense

Defendants intend to rely upon such other defenses as may become available or apparent as the case progresses and reserve the right to amend this Answer to assert such defenses.

Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC

By: *s/David Bienvenu*
David M. Bienvenu, Jr., #20700
John Allain Viator, #25915
Lexi T. Holinga, #30096
Tam Catherine Bourgeois, #30405
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

Michael P. Foradas, P.C. (*pro hac vice* pending)
Renee D. Smith (*pro hac vice* pending)
Anne Raven (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
michael.foradas@kirkland.com
renee.smith@kirkland.com
anne.raven@kirkland.com

*Co-counsel for Defendants AbbVie, Inc., AbbVie US LLC, AbbVie Endocrinology, Inc., Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Laboratories International LLC*

**CERTIFICATE OF SERVICE**

    **I CERTIFY** that on July 20th, 2015 a copy of the foregoing "*Notice of Removal*" was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system and to plaintiffs' counsel by both email and mail.

                                     *s/ David Bienvenu*
                                     David Bienvenu