IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA
MIDDLE DISTRICT

|  |  |
|---|---|
| JADA DELAUNE AND GLEN MEYNARDIE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, M.M., <br><br> Plaintiffs, <br><br> v. <br><br> ABBVIE, INC., AND/OR ABBVIE US LLC AND/OR ABBVIE ENDOCRINOLOGY INC., ABBOTT LABORATORIES AND/OR ABBOTT LABORATORIES, INC. AND/OR ABBOTT LABORATORIES INTERNATIONAL LLC AND ABC INSURANCE COMPANY, <br><br> Defendants. | Civil No. 15-cv-478 <br><br> Judge Shelly D. Dick <br><br> Magistrate Erin Wilder-Doomes |

**DEFENDANTS ABBVIE, INC., ABBVIE US LLC, AND ABBVIE ENDOCRINOLOGY, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants AbbVie, Inc., AbbVie US LLC, and AbbVie Endocrinology, Inc. (together, "AbbVie") move for judgment on the pleadings because the Complaint fails to state any claim. In support of this motion, AbbVie relies on the accompanying memorandum of law, and states as follows:

1.      Plaintiffs appear to allege that in June 2014, Jada DeLaune was treated with the prescription drug Humira and then suffered injuries. But Plaintiffs' three-page, eight-paragraph Complaint pleads no facts that could give rise to liability by Defendants.

1

2.  Plaintiffs' claims are subject to Louisiana Products Liability Act ("LPLA"), which provides the exclusive remedy for Louisiana plaintiffs who claim they were injured by a product. The LPLA does not recognize general negligence of failure-to-test theories of liability, so Plaintiffs' purported claims based on those theories fail as a matter of law.

3.  Plaintiffs have not pled that Humira was unreasonably dangerous in its construction or composition, because they allege no facts to support a claim that the Humira DeLaune allegedly took was defectively manufactured.

4.  Plaintiffs have not alleged that Humira was defectively designed or that an alternative design was available.

5.  Plaintiffs have not alleged that Humira was unreasonably dangerous for lack of an adequate warning. Under Louisiana's learned intermediary doctrine, drug manufacturers only have a duty to warn physicians of potential risks associated with a prescription drug; thus, Defendants have no duty to warn consumers like Plaintiffs. Plaintiffs' assertion that Defendants failed to adequately warn physicians of potential Humira risks likewise fails to state a claim, because the Complaint does not plead facts to suggest that the detailed, FDA-approved Humira warnings were in any way deficient, or that any purported inadequacy in those warnings caused DeLaune's alleged injuries.

6.  Plaintiffs' loss of consortium claims are derivative, and they fall together with the deficient product liability claims.

For these reasons, and as more fully set forth in the supporting memorandum, the Court should grant the motion for judgment on the pleadings on all claims.

Date:  February 29, 2016                    Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC

By: *s/David Bienvenu*

David M. Bienvenu, Jr., #20700
John Allain Viator, #25915
Lexi T. Holinga, #30096
Tam Catherine Bourgeois, #30405
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone:  (225) 388-5600
Fax:  (225) 388-5622

Michael P. Foradas, P.C. (*pro hac vice*)
Renee D. Smith (*pro hac vice*)
Anne Raven (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
michael.foradas@kirkland.com
renee.smith@kirkland.com
anne.raven@kirkland.com

*Co-counsel for Defendants AbbVie, Inc., AbbVie US LLC, and AbbVie Endocrinology, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 29, 2016, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system and to plaintiffs' counsel by email.

By: *s/David Bienvenu*